UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MAFCOTE, INCORPORATED, ) | |
| ) | |
| ) | |
| ) | |
| Plaintiff, ) | Civil Action No. C-01-02-411 |
| ) | |
| V. ) | JUDGE SANDRA S. BECKWITH |
| ) | ( X. J.; HOGAN, M.J.) |
| CONTINENTAL CASUALTY ) | |
| INSURANCE COMPANY ) | |
| ) | |
| Defendant. ) | |
| ) | |

**REPLY MEMORANDUM LAW IN SUPPORT OF MOTION FOR SUMMARY
JUDGEMENT BY DEFENDANT CONTINENTAL CASUALTY COMPANY**

Frederic R. Mindlin (pro hac vice)
MOUND COTTON WOLLAN & GREENGRASS
One Battery Park Plaza
New York, NY 10004
(212) 804-4200
    -and-
JOHN C. SCOTT, #0029518
FAULKNER & TEPE, LLP
2200 Fourth & Vine Tower
Cincinnati, Ohio 45202
(513) 421-7500
Attorneys for Defendant
CONTINENTAL CASUALTY INSURANCE
COMPANY

TABLE OF AUTHORITIES

FEDERAL CASES

Martin v. Ohio Turnpike Commission, 968 F.2d 606, 609 (6th Cir. 1992)

Mitchell v. Toledo Hospital, 964 F. 2d 577, 582 (6th Cir. 1992)

STATE CASES

Island House Inn v. State Auto Ins. Co., 150 Ohio App. 3d 522, 524, 782 N.E. 2d 156 (2002)

Fireman's Fund Ins. Co. v. Mitchell Peterson, Inc., 63 Ohio App. 3d 319, 326-327, 578 N.E. 2d 851 (1989)

Unijax, Inc. v. Factor Ins. Assoc., 328 So. 2d 448, 452 (Fla App. Ct. 1976)

Gordon Chemical Co. v. Aetna Cas. & Surety Co., 358 Mass 632, 266 N.E. 2d 653 (1971)

## TABLE OF CONTENTS

Page

Table of Authorities ................................................................................................................. ii-iii

PRELIMINARY STATEMENT ................................................................................................ 1-2

ARGUMENT .................................................................................................................................. 2

POINT I ........................................................................................................................................... 2
MAFCOTE HAS NOT SUSTAINED ITS BURDEN OF PRESENTING GENUINE ISSUES OF FACT REQUIRING TRIAL

POINT II .......................................................................................................................................... 7
THE RIGHT TO COVERAGE UNDER THE POLICY FOR MAFCOTE, MIAMI WABASH AND ROYAL ARE SEPARATE AND INDEPENDENT OF EACH OTHER

POINT III ........................................................................................................................................ 9
MAFCOTE HAS NOT PRESENTED A GENUINE ISSUE OF FACT TO DISPUTE CONTINENTAL'S POSITION THAT CLAIM EXPENSES ARE NOT COVERED UNDER THE POLICY

CONCLUSION ............................................................................................................................. 10

THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MAFCOTE, INCORPORATED, ) <br> ) <br> ) <br> Plaintiff, ) <br> ) <br> V. ) <br> ) <br> CONTINENTAL CASUALTY ) <br> INSURANCE COMPANY ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. C-01-02-411 <br><br> JUDGE SANDRA S. BECKWITH <br> ( X. J.; HOGAN, M.J.) |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT BY DEFENDANT CONTINENTAL CASUALTY COMPANY**

**PRELIMINARY STATEMENT**

Defendant Continental Casualty Company ("Continental") submits this reply memorandum of law in further support of its motion pursuant to Fed. R. Civ. P. Rule 56 for summary judgment with respect to the Complaint filed by Mafcote, Incorporated ("Mafcote") and in response to Mafcote's Memorandum of Law In Opposition To Defendants's Motion For Summary Judgment ("Mafcote Memorandum").

Mafcote fails in its opposition to present evidentiary material sufficient to present a triable issue of fact to show that it is entitled to any recovery under the policy issued by Continental for the extra expense incurred by its subsidiary Royal Consumer Products located in Louisville, Kentucky ("Royal") which is the only damage claimed in the first cause of action in the complaint. There is no dispute that the policy provides coverage for business interruption and extra expense occurred as a result of direct physical damage caused solely by an accident to an object. There is no dispute that the accident to an object in this case occurred at Miami Wabash, llc ("Miami Wabash") another

Mafcote subsidiary separately named as an insured under the policy. There is no dispute that Royal incurred no direct physical damage caused solely by an accident to an object. Under these circumstances, it is respectfully submitted that the appropriate resolution of this matter can be obtained by applying the law to the undisputed facts. The plain language of the policy applied to the undisputed fact that direct physical damage occurred at Miami Wabash while the alleged extra expense claim was incurred by Royal, a separate subsidiary (and separately named insured) warrants summary judgment in favor of Continental with respect to the damage claim that is presented in this lawsuit.

## ARGUMENT

### POINT I

**MAFCOTE HAS NOT SUSTAINED ITS BURDEN OF PRESENTING GENUINE ISSUES OF FACT REQUIRING TRIAL**

In its motion for summary judgment, Continental demonstrated the absence of any material facts pertinent to the issue of coverage under its policy issued to Mafcote for business interruption and extra expense claims allegedly incurred by its subsidiary, Royal, which did sustain any direct physical damage. As set forth in Continental's initial Memorandum of Law in support of its motion for summary judgment (Continental Memorandum) and its accompanying affidavit of Frederic R. Mindlin, sworn to November 3, 2003, ("Mindlin Aff."), Royal did not sustain any direct physical damage resulting from an accident to an object at its Louisville, Kentucky facility.

"Once the moving party carries its initial burden of showing that no genuine issues of material fact are in dispute, the burden shifts to the non-moving party to come forward with specific facts to show that there is a genuine issue for trial. Martin v. Ohio Turnpike Commission, 968 F.2d 606, 609

(6th Cir. 1992); <u>Island House Inn v. State Auto Ins. Cos.</u>, 150 Ohio App.3d 522, 524, 782 N.E.2d 156 (2002) ("a material fact is one which would affect the outcome of the suit under the applicable substantive law.")."In order to defeat summary judgment a plaintiff 'must come forward with more persuasive evidence to support [his or her] claim than would otherwise be necessary.'" <u>Mitchell v. Toledo Hospital</u>, 964 F.2d 577, 582 (6th Cir. 1992).

### A.     The Material Facts Are Not In Dispute

Mafcote has not come forward with "specific facts to show there is a genuine issue for trial." The evidence submitted by Mafcote consists of the same evidence submitted by Continental, to wit: the deposition testimony of Mafcote's President, Steven A. Schulman, the prior pleadings and the policy. Indeed, Mafcote's Memorandum restates many of the same facts that Continental presented in its motion. The facts which are material to the issue of whether coverage is available under the policy for Business Interruption and Extra Expense Actual Loss at a location which does not incur direct physical damage to covered property are undisputed. To consolidate and summarize for the Court, those undisputed facts are as follows:

### 1.     Property Damage Occurred at Miami Wabash in Franklin, Ohio As a Result of A Boiler Accident.

See Mindlin Aff. ¶ 20: "The accident to the object caused by direct physical damage occurred at Miami Wabash on July 16, 2001."

See Mafcote Memorandum, p.2: "On or about July 16, 2001, a steam boiler at plaintiff's Franklin plant sustained an accidental loss and was damaged rendering it operable."

See also, Mafcote Memorandum p.13: "It is not disputed that the steam foil failed at the Franklin location."

3

2. **No Property Damage Occurred at Royal Consumer Products In Louisville, KY.**

> See Mindlin Aff. ¶18: "Mr. Schulman testified that there was no property damage or boiler damage of any kind at the Royal facility."

> See Mafcote Memorandum, p.8: "Mr. Schulman acknowledged that there was no damage to any boiler at the Louisville plant of Royal Consumer Products."

3. **The Damage Claim in this Lawsuit is for the Extra Expense that Royal Incurred When It Purchased Paper Products From Third Parties.**

> See Mindlin Aff. ¶16: "In support of Mafcote's claim, Mr. Schulman testified that as result of the boiler incident another Mafcote subsidiary, Royal, was required to purchase paper products from third party competitors of Miami Wabash since Royal needed the paper products to fill order for Royal's own customers.

> See Mafcote Memorandum, p. 7: "When Royal Consumer Products on or somewhat before August 13, 2001 could not be assured of delivery dates, immediately to satisfy contractual obligations it had to meet demand, essentially called and cancelled the orders they had placed with Miami Wabash (formerly known as Miami Valley Paper) and proceeded with finding vendors that could supply the requirement."

> See also Mafcote Memorandum, p. 8: "Royal would incur penalties if it did not deliver on time and these penalties would be 'something like 20 times the magnitude of our claim against CNA.'"

As the foregoing demonstrates, there is no a dispute over the material facts of Mafcote's business interruption and extra expense claim arising out of the accident to the boiler at Miami Wabash. Mafcote acknowledges that its claim in this lawsuit represents the extra money that was spent by Royal over what it would have paid Miami Wabash in order to purchase paper products manufactured by third party competitors of Miami Wabash that Royal needed to fill orders for Royal's own customers. The parties also agree that Miami Wabash – not Royal – sustained property damage as a result of the accident to its boiler on July 16, 2001. There is no claim in this lawsuit for any business interruption or extra expense loss alleged to have been sustained by Miami Wabash.

**B.    The Policy Does Not Cover Business Interruption and Extra Expense Loss At A Location That Does Not Incur Direct Physical Damage To Covered Property**

The undisputed facts as applied to the terms and conditions of the policy results in only one conclusion: coverage for business interruption and extra expense actual loss incurred by Royal is not recoverable because Royal sustained no property damage as a result of an accident to an object at its facility. A complete copy of the policy is annexed as Exhibit 2 to the Mindlin Aff.. The Combined Business Interruption and Extra Expense Actual Loss provision is set forth on pp. 3-4 of Continental's memorandum. Mafcote agrees that the pertinent provisions of the policy are accurately reproduced in Continental's memorandum at pp.3-4 (Mafcote Memorandum p.3).

Under Ohio law, "where the terms of an existing contract are clear and unambiguous, a court cannot in effect create a new contract by finding an intent not expressed in the clear language employed by the parties." Fireman's Fund Ins. Co.v . Mitchell-Peterson, Inc., 63 Ohio App.3d 319, 326-327, 578 N.E.2d 851 (1989) (summary judgment is appropriate where the meaning of a contract is unambiguous.).

Here, the policy unambiguously provides coverage for business interruption and extra expense actual loss as a result of direct physical damage and bears repeating here:

**COMBINED BUSINESS INTERRUPTION AND EXTRA EXPENSE ACTUAL LOSS**

\*   \*   \*

A.    COVERAGE

  1.  We will pay for your "Actual Loss" and "Extra Expense" during the "Period of Restoration" provided all of the following requirements are met:

5

  a. The "Actual Loss" and "Extra Expense" must be caused solely by an "accident" to an "object";

  b. The loss must be as a result of direct physical damage to Covered Property;

  c. The "accident" must occur during the time this coverage is in force;

  d. The "object" that has the "accident" must be:

    (1) Specified as covered in the Combined Business Interruption and Extra Expense Schedule;
    (2) At a "location" shown in the Combined Business Interruption and Extra Expense Schedule; and
    (3) In use or connected and ready for use.

2. We will pay:

  a. Your "actual loss" from a total or partial interruption of business;

 and

  b. The "Extra Expense" you necessarily incur to operate your "Business" as nearly "normal" as practicable during the "Period of Restoration" following an "accident".

We will consider the actual experience of your business before the "accident" and the probable experience you would have had without the "accident" in determining the amount of our payment.

     \*  \*  \*

With respect to the meaning of "accident" the policy further provides that "liability for all loss or damage that results from any 'one accident' under this Coverage Form and any of its endorsements will not exceed $50,000,000." "One accident" is defined under the policy as follows:

**"One Accident" means**:

> If an initial "accident[°]" causes other "accidents" all will be considered "one accident". All "accidents" at any one location that manifest themselves at the same time and are the result of the same cause will be considered "one accident".

See Exh. 2 to Mindlin Aff. BM00250695 at ¶ F.4.

The policy, read as a whole and given its plain and natural meaning, requires that any claim for business interruption and extra expense incurred must be caused solely by an accident to an object and be as a result of direct physical damage to covered property. This view is consistent with the authorities cited in the Continental Memorandum. Mafcote has not present any authorities with a contrary holding. It is respectfully submitted, therefore, that the extra expense claim submitted by Mafcote for third party purchases made by Royal is not covered under the policy because the accident to the object that resulted in direct physical damage to covered property occurred at Miami Wabash.

## POINT II

### THE RIGHTS TO COVERAGE UNDER THE POLICY FOR MAFCOTE, MIAMI WABASH AND ROYAL ARE SEPARATE AND INDEPENDENT OF EACH OTHER

Despite the clear language of the policy, Mafcote insists that Royal's business interruption and extra expense claim which is based on the additional cost incurred by Royal to purchase paper products from third party competitors of Miami Wabash is covered irrespective of the absence of any direct physical damage to Royal property, or for that matter, Mafcote property. Mafcote's argument assumes an interdependency among the separate insured entities that just does not exist under the

---

[1] "AAccident" means a sudden and accidental breakdown of the "object" or a part of the "object".

7

terms and conditions of the policy. It appears that Ohio law has not examined this issue, however, it is well-established in other jurisdictions that where subsidiary corporations are separate named insureds under a single policy, "the rights of one under the policy are separate and independent from the rights of the others." Unijax, Inc. v. Factory Ins. Assoc., 328 So.2d 448, 452 (Fla.App.Ct. 1976). Unijax involved a business interruption claim submitted by a parent company, Unijax, arising out of a fire sustained at property owned by its subsidiaries, Calcasieu Paper Company ("Calcasieu") and Southern Maid Paper Company ("Southern Maid"). Unijax, a Florida corporation, Calcasieu, a Louisiana corporation and Southern Maid, a Florida corporation admitted to do business in Louisiana, were each separately insured under one policy issued by Factory Insurance Association. Unijax maintained power of control over Calcasieu and Southern Maid. The District Court of Appeal of Florida affirmed the lower court's order granting summary judgment in favor of the insurer finding that Unijax did not sustain a business interruption loss as a result of the fire that occurred in Louisiana at property owned by Calcasieu and Southern Maid Paper. According to the court, "Unijax must establish, in its own right, its own entitlement under the contract sued upon." See also Gordon Chemical Co. v. Aetna Cas. & Surety Co., 358 Mass. 632, 266 N.E.2d 653 (1971) (no justification exists for disregarding separate existence of each corporation in policy which as a matter of law are separate and distinct legal entities).

Here, as in Unijax, Mafcote, Miami Wabash and Royal are separate entities and each are separately insured under the policy. Accordingly, Mafcote, Miami Wabash and Royal must be treated separately under the policy. As with Unijax, Mafcote must establish, in its own right, its own entitlement under the policy. Mafcote, as a matter of law, cannot establish a business interruption or

expense extra loss under the policy because only Miami Wabash suffered direct physical damage to covered property as a result of an accident to an object.

The recovery that Mafcote seeks could only be obtained if the policy included coverage for contingent business interruption (Continental Memorandum, p. 15-16), which it does not.

In an attempt to distract the Court from the very straightforward undisputed facts in this case and the clear language of the policy, Mafcote embarks on the lengthy, yet transparent exercise distinguishing the cases Continental cited which support the principle that business interruption losses must result from an insured's covered property damage. (Continental Memorandum pp. 12-15). Pointing out immaterial differences between those cases and the case at bar proves ineffective in arguing that Mafcote is entitled to recover for extra expense allegedly incurred by Royal where the only physical damage was sustained by Miami Wabash. Certainly Mafcote has not presented the Court with a single case showing that it is entitled to recovery that it seeks.

### POINT III

### MAFCOTE HAS NOT PRESENTED A GENUINE ISSUE OF FACT TO DISPUTE CONTINENTAL'S POSITION THAT CLAIM EXPENSES ARE NOT COVERED UNDER THE POLICY

Notably absent from Mafcote's opposition to summary judgment is a presentation of any facts in dispute with respect to its demand for coverage for expenses incurred voluntarily in preparation of its claim. As set forth in Continental's Memorandum, the policy does not cover expenses incurred by an insured for claim adjusters, analysts or other types of experts. (Continental Memorandum pp. 16-17). Inasmuch as Mafcote has failed to satisfy its burden to come forward with specific facts to show

9

that there is a genuine issue for trial with respect to coverage for claim expenses, Continental is entitled to summary judgment on this issue. See, <u>Martin v. Ohio Turnpike Commission</u>, <u>supra</u>.

## CONCLUSION

For the foregoing reasons, Continental is entitled to summary judgment in its favor and against Mafcote and such other and further relief as to the Court seems just and proper.

Dated: December 15, 2003

Respectfully submitted,

/s/ Frederic R. Mindlin
Frederic R. Mindlin (pro hac vice)
MOUND COTTON WOLLAN & GREENGRASS
One Battery Park Plaza
New York, NY 10004
(212) 804-4200
Fmindlin@moundcotton.com
    -and-
/s/ John C. Scott
JOHN C. SCOTT, #0029518
FAULKNER & TEPE, LLP
2200 Fourth & Vine Tower
Cincinnati, Ohio 45202
(513) 421-7500
Attorneys for Defendant
CONTINENTAL CASUALTY INSURANCE COMPANY