UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MAFCOTE, INCORPORATED, ) | Civil Action No. C-01-02-411 |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | JUDGE SANDRA S. BECKWITH |
| ) | ( X. J.; HOGAN, M.J.) |
| CONTINENTAL CASUALTY ) | |
| INSURANCE COMPANY ) | MOTION *IN LIMINE* TO |
| ) | PRECLUDE EXPERT TESTIMONY |
| Defendant. ) | OF ALL OF PLAINTIFF'S EXPERTS |
| ) | |

Now comes Defendant, Continental Casualty Insurance Company (hereinafter "Continental"), by and through counsel, and for its Amended Motion *In Limine* submits the following Memorandum of Law and accompanying Affidavit of Frederic R. Mindlin with exhibits attached thereto pursuant to the Court's Scheduling Order served to correct the title on the Memorandum of Law to indicate that the motion seeks to preclude the expert testimony of all of plaintiff's experts.

                Respectfully Submitted,

                /s/ Frederic R. Mindlin

                Frederic R. Mindlin (pro hac vice)

                MOUND COTTON WOLLAN & GREENGRASS

                One Battery Park Plaza
                New York, NY 10004
                (212) 804-4200

                -and-

JOHN C. SCOTT, #0029518
FAULKNER & TEPE, LLP
2200 Fourth & Vine Tower
Cincinnati, Ohio 45202
(513) 421-7500
Attorneys for Defendant
CONTINENTAL CASUALTY INSURANCE
COMPANY

TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................. i

TABLE OF AUTHORITIES ......................................................................................... ii

PRELIMINARY STATEMENT ..................................................................................... 1

FACTUAL BACKGROUND ........................................................................................... 1

ARGUMENT .................................................................................................................. 2

    POINT I: PRECLUSION IS WARRANTED WHERE PLAINTIFF SEEKS TO INTRODUCE EVIDENCE THAT IS IRRELEVANT TO THE ISSUES AT BAR ..... 2

        A.    Standard for Motion In Limine .................................................................. 2

        B.    Mr. Cochran's Expert Tesitmony is Irrelevant ....................................... 3

        C.    Mr. Cochran's Expert Interpretation Of The Policy Must Be Precluded As An Improper Legal Conclusion ................................................................ 4

    POINT II: PRECLUSION OF ALL OF PLAINTIFF'S EXPERT WITNESSES IS PROPER WHERE PLAINTIFF FAILED TO SUBMIT EXPERT REPORT ..... 5

CONCLUSION ............................................................................................................... 7

# TABLE OF AUTHORITIES

**Cases**

Black v. Ryder/P.I.E Nationwide, Inc., 15 F.3d 573 (6th Cir. 1994) ...................3

Gencorp., Inc. v. American Int'l Underwriters, 178 F.3d 804, 818
(6th Cir. 1999) ...................................................................................4

Industrial Enclosure Corp. v. Northern Insurance Company of New York,
2000 WL 1810087 *3 (N.Ill. 2000) ................................................... 4,5

Luce v. United States, 469 U.S. 38, 41 n4 (1984); ................................ 2

Mercurio v. Nissan Motors Corp., 81 F.Supp. 2d 159 (N.D Ohio 2004) ......................4

McLaurin v. Fischer, 768 F. 2d 58 (10th. 1985)......................................2

Nationwide Mutual Ins. Co. v. Eckmeyer, 145 Ohio App. 3d 753, 756, 764
N.E.2d 48789 (Ohio Ct. App. 2001)..........................................................4

Penn Traffic Co. v. AIU Ins.Co., 99 Ohio St. 3d 227, 790 N.E.2d 1199 (2003)............4

Reedy v. White Consol. Ind., Inc., 890 F.Supp. 1417 (N.D Iowa1995).....................3

Shelter Mutual Ins. Co. v. Culbertson's Ltd. Inc., 1999 WL 135297 (Ed. La. 1999)    3

Yeboah v. United States of America, 2000 WL 1876638 (S.D.N.Y. 2002)...................2

**Statutes**

Fed.R.Evid. 401 ...............................................................................3

Fed.R.Evid.402 ................................................................................3

Fed. R.Civ.P. 26(a)(2)(B)................................................................5,7

Fed.R.Civ. P. 37(c)(1)........................................................................5

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MAFCOTE, INCORPORATED, ) | |
| ) | |
| ) | |
| Plaintiff, ) | Civil Action No. C-01-02-411 |
| ) | |
| v. ) | JUDGE SANDRA S. BECKWITH |
| ) | ( X. J.; HOGAN, M.J.) |
| CONTINENTAL CASUALTY ) | |
| INSURANCE COMPANY ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF CONTINENTAL CASUALTY INSURANCE COMPANY'S MOTION *IN LIMINE* TO PRECLUDE EXPERT TESTIMONY OF ALL OF PLAINTIFF'S EXPERTS**

**PRELIMINARY STATEMENT**

Defendant Continental Casualty Insurance Company ("Continental") by and through counsel submits the following Memorandum of Law in support of its Motion *In Limine* to preclude the testimony of Mafcote Incorporated's ("Mafcote") designated experts, Thomas Cochran, Miles Hilsinger, Mary Lynn Lage, C.P.A. and Earl Rynston because Mafcote has failed to produce expert reports for these witnesses. The testimony of Mr. Cochran should also be precluded because Mr. Cochran's opinion is irrelevant to any facts at issue in this matter

**FACTUAL BACKGROUND**

This action was brought by Mafcote to recover $255,697.61 for Business Interruption and Extra Expense actual loss under a Boiler and Machinery insurance policy issued by Continental ("Policy") arising out of an accident to a steam boiler that occurred on July 16, 2001 at the Franklin, Ohio location of Mafcote's subsidiary, Miami Wabash Paper, llc ("Miami Wabash"). A substantial portion of the purported damages ( $220,697.61) represent costs for purchases of

paper products made by another subsidiary of Mafcote, Royal Consumer Products, llc, ("Royal"), which is located in Louisville, Kentucky. The Royal facility in Kentucky, however, was not the location of the accident to the boiler and, in fact, was not damaged. Under the terms and conditions of the Policy, there is no recovery for Business Interruption and Extra Expense Actual Loss at a location which does not incur direct physical damage to covered property.

An additional $35,000 is claimed for costs which Mafcote alleges to have incurred or expects to incur in the future for claim preparation expenses. The Policy does not provide coverage for claim expenses voluntarily undertaken by Mafcote.

Continental filed a Motion For Summary Judgment on November 3, 2003 which is pending before the Court. The basis for Continental's Motion For Summary Judgment is Mafcote's failure to establish a business interruption and extra expense claim under a plain reading of the policy as required by Ohio law.

By Order dated March 10, 2004 this Court has scheduled a Final Pretrial Conference on April 30, 2004. Trial is scheduled to begin May 17, 2004.

## ARGUMENT

### POINT I

**PRECLUSION IS WARRANTED WHERE PLAINTIFF SEEKS TO INTRODUCE EXPERT EVIDENCE THAT IS IRRELEVANT TO THE ISSUES AT BAR OR PROVIDES A LEGAL CONCLUSION**

A.   **Standard For Motion In Limine**

A motion *in limine* permits the trial court to determine the admissibility or relevance of certain forecasted evidence in advance of trial. Luce v. United States, 469 U.S. 38, 41 n4 (1984); McLaurin v. Fisher, 768 F.2d 58 (10th Cir. 1985). Irrelevant evidence is subject to preclusion by a motion *in limine*. Yeboah v. United States of America, 2000 WL 1876638 (S.D.N.Y. 2002).

Fed.R.Evid. 401, defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable." See. Mercurio v. Nissan Motors Corp., 81 F.Supp.2d 859 (N.D.Ohio 2004); Black v. Ryder/P.I.E. Nationwide, Inc., 15 F.3d 573 (6th Cir. 1994) (evidence is considered relevant only if it is logically related directly, or indirectly through an inferential chain, to one of the charges made or defenses raised in the case). Further, expert testimony may be excluded if it would not relate to any issue in case, because it is not relevant and thus, not helpful. Reedy v. White Consol Ind., Inc., 890 F.Supp. 1417 (N.D. Iowa 1995).

In this case, any evidence that is not likely to prove that Mafcote (as opposed to Royal) suffered a Business Interruption and Extra Expense Actual Loss arising out of the steam boiler accident at the Miami Wabash plant is not relevant and should be precluded. Fed. R. Evid. 401 and 402. According to Plaintiff's Notice of Expert Witnesses, Mr. Cochran's testimony will be limited to his interpretation of the Policy.

**B.    Mr. Cochran's Expert Testimony Is Irrelevant**

Plaintiff's Notice of Expert Witnesses states that "Mr. Cochran will testify concerning the nature and purpose of boiler and machinery insurance, coverage afforded by defendant's Policy No. BM1098742493 to plaintiff's loss, and ambiguities in policy language."[1]

An expert's interpretation of an insurance policy that does not bear on the existence of any pertinent fact in the case is deemed irrelevant. Shelter Mutual Ins. Co. v. Culbertson's Limited, Inc., 1999 WL 135297 (Ed.La. 1999). In Shelter, defendant's motion *in limine* was granted where it sought to exclude the expert trial testimony of an "insurance expert" who had offered the opinion that the policy at issue was ambiguous because, "(1) it fails to define the

---

[1] Plaintiff never submitted Mr. Cochran's expert report which is discussed fully in Point II.

3

accounting principles and method which are used to determine a business income loss, (2) fails to define how to determine the period of coverage, and (3) fails to define how to define the term 'probable net income of business if no loss occurred.'" Id. at *2.

Here, as in Shelter, the expert testimony that plaintiff expects to elicit from Mr. Cochran does not concern any factual issue relating to the Business Interruption Loss and Extra Expense incurred by Mafcote as a result of the alleged July 16, 2001 boiler accident at Miami Wabash. Rather, that testimony purports to relate to ambiguities in the policy or the extra expense incurred by Royal. Accordingly, as was the case in Shelter, the expert testimony should be precluded.

### C. Mr. Cochran's Expert Interpretation Of The Policy Must Be Precluded As An Improper Legal Conclusion

Mr. Cochran's expert testimony should be precluded not only because it is irrelevant, but also because it would usurp the function of the court to provide a legal interpretation of the insurance contract between Mafcote and Continental.

It is well-established that the interpretation of an insurance policy is an issue of law. Gencorp, Inc. v. American Int'l Underwriters, 178 F.3d 804, 818 (6th Cir. 1999) ("whether a contract is ambiguous is also a question for the court"); Penn Traffic Co. v. AIU Ins. Co., 99 Ohio St.3d 227, 790 N.E.2d 1199 (2003) (insurance policy is interpreted as a matter of law by giving terms their plain and ordinary meaning); Nationwide Mutual Ins. Co. v. Eckmeyer, 145 Ohio App.3d 753, 756, 764 N.E.2d 487,489 (Ohio Ct. App. 2001) ("the construction of an insurance contract, like the construction of any written contract, is a matter of law"). Accordingly, a motion *in limine* is properly granted where an expert's testimony to be elicited would constitute a legal interpretation of the policy at issue. See Shelter, *supra*. See also, Industrial Enclosure Corp. v. Northern Insurance Company of New York, 2000 WL 1810087 *3,

4

(N.Ill. 2000) ("testimony concerning how an insurance policy should be interpreted does not bear on any issue before the court . . . and therefore will not be admitted.").

Here, plaintiff has disclosed Mr. Cochran as an expert who will opine on the matters related to the Policy's terms and conditions including the "purpose of boiler and machinery insurance" and "ambiguities in the policy language" both of which are subjects that require a legal interpretation of the Policy which is the function of the Court. Therefore, Mr. Cochran's testimony as an insurance expert is properly precluded.

**POINT II**

**PRECLUSION OF ALL OF PLAINTIFF'S EXPERT WITNESSES
IS PROPER WHERE PLAINTIFF FAILED
TO SUBMIT EXPERT WITNESS REPORTS**

In addition to the grounds set forth above, Mr. Cochran's expert testimony along with the expert testimony of the other persons identified on Plaintiff's Notice of Expert Witnesses -- Mary Lynn Lage, Miles Hilsinger and Earl Rynston -- should also be precluded because Mafcote never provided Continental with expert reports for any of these witnesses. Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure provides that the disclosure of an expert witness must be accompanied by a written report prepared and signed by the witness. Failure to supply an expert report in accordance with Fed.R.Civ.P. 26(a)(2)(B) provides the grounds to preclude an expert witness's testimony at trial. Industrial Enclosure Corp. v. Northern Ins. Corp., 2000 WL 1810087 (N.D.Ill. 2000). Fed.R.Civ.P. 37(c)(1).

In addition, the Court's September 11, 2002 Calendar Order provided that plaintiff was to have identified primary experts by March 4, 2003 and to produce primary reports by April 4, 2003. Plaintiff's Notice of Expert Witnesses served March 4, 2003 identified three experts, Earl Rynston, Mary Lynn Lage, C.P.A. and Miles Hilsinger. Defendant received a copy of

Curriculum Vitae for both Ms. Lage and Mr. Rynston, but did not receive any expert reports prepared by these witnesses. Neither a Curriculum Vitae nor an expert report was received with respect to Messrs. Hilsinger or Cochran.

Defendant was to have identified its rebuttal expert by May 6, 2003 and produce its expert's report by June 6, 2003. Defendant complied with both of these deadlines.

On or about June 6, 2003, Plaintiff requested leave to extend time to disclose expert witnesses up to and including August 6, 2003, and an additional 30 days beyond that, up to and including September 5, 2003 to produce primary reports. 2 Plaintiff's request was granted by the Court. By Amended Calendar Order docketed June 10, 2003, the deadline for disclosure of plaintiff's expert witnesses and submission of expert reports was extended to August 6, 2003 and the deadline to produce primary reports was extended to September 5, 2003.

The June 3, 2003 Amended Calendar Order was amended again on July 3, 2003 to allow defendant a 30 day extension following the submission of plaintiff's expert witness reports to disclose additional rebuttal expert witnesses and 30 days to submit additional rebuttal expert reports. The July 3, 2003 Amended Calendar Order specifically states that no other extensions will be permitted to the remainder of the calendar.

In violation of the June 3, 2003 Calendar Order, plaintiff has not produced an expert report for any of its expert witnesses. On September 5, 2003, counsel for defendant received a letter from plaintiff's counsel requesting an additional seven days in which to produce Mr. Cochran's expert witness report. In the interest of good faith, counsel for Continental complied with that request. To date, however, plaintiff has not submitted Mr. Cochran's expert report, nor a report for Mr. Hilsinger, Ms. Lage or Mr. Rynston. Plaintiff's failure to provide expert reports

---

2 Between March 4, 2003 and June 6, 2003 the law firm of Lindhorst & Dreidame was substituted as counsel for Plaintiff.

6

for these four expert witnesses is a violation of Fed.R.Civ.P.(a)(2)(B) and this Court's Amended Calendar Order. It is respectfully submitted that preclusion of all of plaintiff's expert testimony in this case on the basis of plaintiff's failure to submit an expert reports is proper in this case.

### CONCLUSION

Based on the foregoing, Continental respectfully requests that this Court grant its motion *in limine* precluding plaintiff from offering the deposition testimony of expert Thomas Cochran, Mike Hilsinger, Mary Lynn Lage or Earl Rynston at trial and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: March 17, 2004        /s/ Frederic R. Mindlin

Frederic R. Mindlin (pro hac vice)
MOUND COTTON WOLLAN & GREENGRASS
One Battery Park Plaza
New York, NY 10004
(212) 804-4200
Fmindlin@moundcotton.com
        -and-
/s/ John C. Scott
JOHN C. SCOTT, #0029518
FAULKNER & TEPE, LLP
2200 Fourth & Vine Tower
Cincinnati, Ohio 45202
(513) 421-7500
Attorneys for Defendant
CONTINENTAL CASUALTY INSURANCE COMPANY